UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Nantambu Noah Kambon, | Case No. 23-cv-3762 (NEB/DTS) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Paul Schnell, | |
| Defendant. | |

Plaintiff Nantambu Noah Kambon was convicted of first-degree murder in 1993 and was sentenced to a term of life imprisonment, with eligibility for parole after thirty years. *See State v. Bowles*, 530 N.W.2d 521, 525 (Minn. 1995). Kambon was denied parole in 2023 by defendant Paul Schnell, the Commissioner of the Minnesota Department of Corrections. In his complaint, Kambon alleges that the denial of parole violates his due process rights and seeks unspecified "injunctive relief" pursuant to 42 U.S.C. § 1983, Complaint at 5 [ECF No. 1] — presumably, the granting of parole and his release from prison.

This Court cautioned Kambon on December 19, 2023, that he could not challenge the fact or duration of his confinement through an action raising claims under § 1983. Instead, such relief would be available, if at all, only through a petition for a writ of habeas corpus. This matter could be reinterpreted as a habeas proceeding, but only with Kambon's express or implicit consent. Accordingly, Kambon was directed to inform the Court whether he objected to the reinterpretation of his pleading as a habeas petition. *See* ECF No. 3.

1

Kambon has now responded with a "Motion to Dismiss Action under Rule 12(b)." ECF No. 4 at 1 (capitalization altered). A plaintiff is entitled to voluntarily dismiss an action without leave of the Court during the early stages of litigation. *See* Fed. R. Civ. P. 41(a)(1)(A). If Kambon intended to file such a notice of voluntary dismissal through his motion, then this case is already dismissed; Kambon's motion itself would be sufficient to effectuate that dismissal. But Kambon's "motion to dismiss" is conditional: He asks for the lawsuit to be voluntarily dismissed only if "the Court . . . [c]hooses to move forward with suit against Defendant for injunctive relief . . . ." ECF No. 4 at 3. Put another way, if Kambon's complaint is subject to summary dismissal, then he wants to withdraw the complaint, but if Kambon has pleaded a viable claim under § 1983, then he wants to proceed. The motion's conditionality prevents it from being self-effective. "Because the procedure described by Rule 41(a)(1) operates in [a] simple and routine fashion, the plaintiff may not attach conditions to the voluntary dismissal." 9 Charles Allan Wright & Arthur R. Miller et al., Federal Practice and Procedure § 2363 (3d ed.) (collecting cases).

In any event, as this Court previously explained to Kambon, he cannot challenge the fact or duration of his incarceration through claims under § 1983. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (distinguishing claims attacking parole decisions that necessarily call for the "shortening of term of confinement, which must be raised through a habeas petition, from claims that do not call for the "shortening" of term of confinement); *Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014) (distinguishing conditions-of-confinement claims from habeas claims); *cf. Page v. Herceles*, No. 2:20-CV-79, 2021 WL 533749, at *4 (E.D. Mo. Feb. 12, 2021) (noting that "[a] plaintiff in a § 1983 suit may not question the validity of the confinement resulting from a parole revocation hearing if

2

she does not allege that the parole board's decision has been reversed, expunged, set aside or called into question."). Kambon was given the option of permitting this matter to be converted into a habeas proceeding, but he has evinced that he would prefer that this matter be dismissed than to proceed with habeas litigation at this time. So be it. Kambon has failed to plead a viable claim for relief, and therefore this matter should be dismissed without prejudice pursuant to 28 U.S.C. § 1915A ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.").

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1. This matter be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A.

2. The application to proceed *in forma pauperis* of plaintiff Nantambu Noah Kambon [ECF No. 2] be **DENIED**.

3. Kambon's motion to dismiss [ECF No. 4] be **DENIED AS MOOT**.

Dated: February 1, 2024        s/David T. Schultz  
    DAVID T. SCHULTZ  
    U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).